# In the United States District Court for the Southern District of Georgia Savannah Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAIME ALEXANDER GERMAN,<br><br>Defendant. | 4:25-cr-59 |

## ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to deny Defendant's Motion to Suppress Search of Real Property and Defendant's Motion to Suppress Search of Cellular Telephones.  Dkt. No. 36.  Defendant timely filed Objections to the Magistrate Judge's Report and Recommendation.  Dkt. No. 37. After an independent and de novo review, I **OVERRULE** Defendant's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation as the opinion of this Court.  The Court **DENIES** Defendant's Motion to Suppress Search of Real Property and Defendant's Motion to Suppress Search of Cellular Telephones.  Dkt. Nos. 25, 26.

## BACKGROUND

Defendant has been indicted on one count each of the following charges: possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute a controlled substance, in violation of 21 U.S.C.

§ 841(a)(1); and possession of firearms in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Dkt. No. 1. The charges are arise from evidence obtained during the execution of two search warrants. On May 21, 2024, the Government obtained a real property warrant to search 1465 Chevy Chase Road in Chatham County, Georgia. Dkt. No. 32-3. Then, on May 30, 2024, the Government obtained a search warrant to search two cell phones used by Defendant that were obtained from the search of the Chevy Chase Road property. Dkt. No. 33-3.

Defendant filed a Motion to Suppress evidence obtained from the search of his residence. Dkt. No. 25. Defendant argues that the warrant application did not establish probable cause to search the residence. Id. at 1. Defendant also argues that the warrant was not sufficiently particularized to pass Fourth Amendment muster. Id. at 2.

Defendant filed an additional Motion to Suppress, seeking exclusion of evidence obtained from the search of his cell phones. Dkt. No. 26. Defendant argues that the warrant application lacked sufficient probable cause because it failed "to establish a sufficient nexus between the criminal activities alleged an the two cell phones." Id. at 4-5. Defendant argues that the warrant was not sufficiently particularized, resulting in an authorization for a general exploratory search. Id. at 5-8. Defendant argues further that the search exceeded the scope of the warrant. Id. at

2

8-9. Finally, Defendant argues that the cell phone warrant was the fruit of the real property warrant, which Defendant argues was invalid. Id. at 9.

The Magistrate Judge recommends the Court deny Defendant's Motions to Suppress. Regarding the real property warrant, the Magistrate Judge explains that Defendant is a probationer whose terms of probation include a Fourth Amendment waiver. Dkt. No. 36 at 7-8. The Magistrate Judge concludes that, due to the waiver, officers needed only reasonable suspicion to search Defendant's residence. The Magistrate Judge concludes that officers had reasonable suspicion. Id. Even putting aside the waiver, the Magistrate Judge concludes that the warrant application was supported by probable cause. Id. at 8. Finally, the Magistrate Judge concludes that the Leon good faith exception serves to bar exclusion as a remedy. Id. at 10.

Regarding the cell phone warrant, the Magistrate Judge concludes that the application contained sufficient information to establish both reasonable suspicion and probable cause, especially considering that officers sought the cell phone warrant after executing the residential warrant. Id. at 12-13. The Magistrate Judge also concludes that Leon serves to prevent exclusion, even if the warrant was not sufficiently particularized. Id. at 13-15. Specifically, the Magistrate Judge states that the warrant

3

"was not facially deficient such that officers could not reasonably rely on it to search the phones." Id. at 15.

Defendant filed Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 37. Regarding the real property warrant, Defendant argues that probable cause does not support the warrant application because an informant (identified only as "Morales") who law enforcement relied upon to establish probable cause was biased and "should have been viewed with skepticism." Id. at 5-6. Defendant argues that the warrant was overly broad because "it authorized police to search all vehicles located at the residence." Id. at 6. Defendant argues that any good faith exception is inapplicable because the warrant "was based solely on information provided by Morales, an unreliable, biased informant." Id.

As for the cell phone warrant, Defendant argues that probable cause does not support the application. Defendant argues that the affidavit "attempts to establish probable cause by stating that most criminals use their phone to engage in crime. That is not enough." Id. at 7. Defendant argues that the search warrant lacked particularity because its scope "is not limited in any way." Id. Defendant argues that the search exceeded the scope of the warrant and that the cell phone evidence should be excluded as fruit of an invalid warrant (the residential warrant). Id. at 9. Finally, Defendant argues that the Leon good faith exception "does

4

not apply because the Affidavit in Support of the Search Warrant lacked probable cause." Id.

## DISCUSSION

### I. The Residential Warrant

In his Objections, Defendant does not enumerate any specific error in the Magistrate Judge's analysis. Rather, Defendant largely repeats the arguments he makes in his initial Motion. Defendant argues that the warrant application lacked a proper showing of probable cause because the informant Morales was biased. Dkt. No. 37. Defendant does not address the Magistrate Judge's conclusion that officers required only reasonable suspicion to search the residence. In addition, the Magistrate Judge explains that officers independently corroborated Morales's statements and Morales allowed officers to look through his phone. Dkt. No. 36 at 9. Defendant does not address this point either.

Ultimately, I concur with the Magistrate Judge's analysis concerning the residential warrant. Officers likely only required reasonable suspicion to search Defendant's residence, and the warrant application clearly establishes reasonable suspicion. Even assuming probable cause to be the correct standard, Defendant's only real probable cause argument is that Morales was an unreliable informant. But the Magistrate Judge correctly confronts that argument and correctly determines that the totality of the circumstances demonstrates probable cause for a warrant.

5

In the Objections, Defendant repeats his argument that the warrant application did not provide probable cause to support a search for vehicles on the premises. The Magistrate Judge concludes, however, that probable cause to search the residence also supported a search of vehicles at that residence. I concur with the Magistrate Judge's analysis. Defendant provides no authority for the proposition that probable cause to search a residence does not support a search of vehicles at the residence. And as the Magistrate Judge explained, Eleventh Circuit caselaw supports the opposite conclusion. See United States v. Mitchell, 503 F. App'x 751, 655 (11th Cir. 2013) ("Because probable cause existed to believe a search of [the defendant's] residence would yield . . . evidence, the warrant permissibly authorized the search of the vehicles parked on [the defendant's] property.") (citing United States v. Tamari, 454 F.3d 1259, 1261 (11th Cir. 2006)).

Finally, Defendant's good faith argument essentially repeats his original probable cause argument. Defendant argues "the Affidavit in support of the Search Warrant lacked probable cause because it was based solely on information provided by Morales, an unreliable, biased informant." Dkt. No. 37 at 6. As explained above, this argument is without merit. It is also not responsive to the Magistrate Judge's analysis. The Magistrate Judge concludes that, even if the warrant was lacking in probable cause, good faith still applies. Dkt. No. 36 at 10. The Magistrate Judge explains

6

that to exclude due to lack of probable cause requires a showing that the affidavit is "so clearly insufficient that it provided no hint as to why police believed they would find incriminating evidence." Id. (quoting United States v. McCall, 84 F.4th 1317, 1323 (11th Cir. 2023)). Defendant fails to make that showing. The Leon good faith exception, therefore, applies to prevent exclusion, even if probable cause was lacking.

In sum, the Magistrate Judge correctly concludes that evidence obtained during execution of the residential search warrant should not be suppressed.

**II. The Cell Phone Warrant**

Defendant argues that the cell phone warrant was not supported by probable cause because the affidavit was based on statements from Morales. Dkt. No. 37 at 7. Defendant does not address the Magistrate Judge's conclusion that the search should be governed under a reasonable suspicion standard due to Defendant's Fourth Amendment waiver. Dkt. No. 36 at 12. Defendant also does not address the Magistrate Judge's conclusion that Morales's statements were corroborated. Id. Defendant does not address the Magistrate Judge's conclusion that the evidence obtained during the search of the residence supported probable cause for the cell phone warrant. Ultimately, Defendant's arguments are not responsive to the Magistrate Judge's conclusions about probable cause, and I concur with the Magistrate Judge's analysis.

7

Defendant next argues that the warrant was not sufficiently particularized. Dkt. No. 37 at 7. The Magistrate Judge explains that, for lack of particularity to be a basis of exclusion, under Leon, the defendant would "have to show that no reasonable officer would believe that the warrant was particularized." Dkt. No. 36 at 14 (citing United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002)). The Magistrate Judge determines that even if the warrant was not sufficiently particular, "[g]iven the nature of the investigation and the significant amount of evidence that officers already had obtained during the investigation, a reasonable officer could have believed that the warrant's authorization fit the scope of the task." Id. at 14-15. I concur with the Magistrate Judge's analysis. As the Magistrate Judge explains, officers had evidence that Defendant used his cell phones to conduct drug transactions, and they found the phones among drug-related evidence while executing the residential search warrant. Further, Defendant signed a Fourth Amendment waiver that clearly applied to personal effects, including cell phones. This demonstrates that, even if the warrant was not particularized, the warrant was not facially deficient such that officers could not reasonably rely in good faith on it to search Defendant's cell phones.

Defendant also argues that the scope of the warrant was overbroad and was the fruit of an invalid residential search

warrant. Dkt. No. 37 at 9. Defendant does not support these arguments, and they are entirely repetitive of Defendant's arguments in his Motion to Suppress. I concur with the Magistrate Judge's analysis and conclusion that these arguments do not support suppression.

## CONCLUSION

After an independent and de novo review, I **OVERRULE** Defendant's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation. The Court **DENIES** Defendant's Motion to Suppress Search of Real Property and Defendant's Motion to Suppress Search of Cellular Telephones. Dkt. Nos. 25, 26.

**SO ORDERED**, this 20 day of November, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

9